José Piñero Díaz et al., Petitioners and Appellees, *v.* Pedro Díaz Correa, Respondent and Appellant.

No. 6688.    Argued February 4, 1936.—Decided February 25, 1936.

*Rodolfo Ramírez Pabón* for appellant.    *E. García Veve* for appellees.

ON REHEARING

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is a proceeding involving a deposit in court.    José Piñero and Joaquín Villamil subscribed a promissory note for $15,000 payable to Pedro Díaz, due in September 14, 1936, "reserving to themselves the right to make at any time partial payments not below one thousand dollars ($1,000) which the creditor agrees to accept," as appears from the instrument itself.

On November 1931 they paid one thousand dollars on account and in October 1932, one thousand nine hundred dollars, which the creditor accepted without objection.    On June 1933, they tried to pay one thousand dollars but the creditor refused to accept the money because, as claimed by him, the payment on account should be of three thousand dollars and not of one thousand.

The debtors then deposited in the District Court of San Juan one thousand dollars to the order of their creditor.    The

creditor was notified and after some preliminary proceedings which are not of great importance in deciding the appeal, he set up an opposition on the ground that no tender of payment had been authentically proven nor that notice thereof had been served nor that a deposit had been made as required by law.

The issue thus joined, the petitioners submitted their evidence on November 14, 1933, and on November 24, the court rendered its judgment declaring that the deposit had been properly made. Feeling aggrieved by this judgment the creditor appealed, and in his brief he assigned nine errors.

Our opinion, after a careful study of the case, is that the making of the deposit was justified, that the tender of payment was shown, and that if notice of the deposit had first been served, an affirmance of the judgment appealed from would lie. Service of notice thereof was not shown and the judgment shall have to be reversed.

It was alleged by the petitioners that notice had been served through attorney Ramírez Pabón, who on being called to the stand by them, said:

"What happened was that Piñero Díaz called at my home just as I was leaving for my office . . . . I must explain that I have or had until then intervened in all deals between Piñero Díaz and Díaz Correa, not as the former's agent, but as a common friend; he asked me to procure from Díaz Correa his acceptance of one thousand dollars ($1,000) as a payment on account of the outstanding promissory note the object of this suit. I then got into Piñero's car. As the home of Díaz Correa—his residence at the time—was on the second floor of the premises occupied by Piñero Díaz's store, which premises also belong to Díaz Correa, Piñero stayed in his store and I called on Díaz Correa and explained to him the object of my visit. I had some other matters to discuss with Díaz Correa, and I informed him that Piñero had come to see me and had asked me to call on him (on Díaz Correa) to see if he would accept $1,000. Díaz Correa said he would not take $1,000, that he would only accept the amount actually due him on the promissory note.

"I went on discussing with Díaz Correa several matters and was detained for some time. Then I went down to the store of Piñero

Díaz who drove me to my office. On the way he said to me: 'And what do you think I should do now?', to which I replied: 'Well, use the remedy of a deposit in court.' These are the facts. But I did not call in order to effect or to tender any payment whatsoever to Díaz Correa, nor to serve notice on him regarding any deposit at all, because that was not the object of my visit, nor did I do so either.''

The petitioners themselves took then the stand, and testified that not only did they commission Attorney Ramírez Pabón to make a tender of one thousand dollars to Díaz, but also to notify him that in case he should refuse to accept it, they would deposit the same in court.

Relying exclusively on the above evidence it can not be concluded that any notice had been served in advance. Is this a necessary requisite?

It is expressly required by the law. ''In order that the consignation of the thing due may release the obligor, notice thereof must previously be given to the persons interested in the fulfilment of the obligation.'' Section 1131 of the Civil Code, 1930 ed.

In *García* v. *Fernández*, 8 P.R.R. 102, this court held as follows: ''In order that a deposit made with a judicial officer may be considered effective and free the obligor from liability, it is necessary that the amount deposited shall have been previously offered to the creditor and that he shall have refused to accept the same, and that he shall have been duly notified of such deposit.''

Manresa, commenting on section 1177 of the former Civil Code, similar to section 1131 of the code now in force, expounds the grounds of the provision and its scope as follows:

''The law requires that the deposit be preceded by notice thereof, a requisite which can not be regarded as fulfilled by the mere tender of payment, either because of the difference between both or because the law requires both of them separately and with different names. They differ in that the tender itself does not require the service of notice as does the deposit, and is of a more friendly and private character, so to speak; and it is understandable that the law should further require notice thereof in view of the fact that it is a more

formal notice whose effect might perhaps overcome unjustified resistance, and in view, on the other hand, of the fact that the deposit requires that notice be served on those who may have rights to be enforced in connection therewith.

"They moreover, differ in regard to the persons to whom they must be made, inasmuch as the tender is made only to the creditor, whereas the notice of the deposit is served on all persons interested in the fulfillment of the obligation, which latter term is a different and broader one. The inevitable vagueness to be found in said expression must be made clear by applying it to persons with a real interest in the obligation, either passively as a codebtor or cosurety; or actively as a joint solidary creditor; or as a prospective litigant, in the event of two or more persons having such status; or as creditor of the person who in turn is a creditor of the debtor, by reason of having obtained as a security for his credit the credit on account whereof the deposit is made.

"The tender of payment and the notice of the deposit also differ in the varying scope of their necessity; while the necessity of a tender is confined, as a general rule, to the case of a refusal by the creditor, on the other hand, the notice of deposit must be served in many more cases, either because it covers not only the creditor but other people as well or also because in some of the cases provided for in paragraph 2 of section 1176 (where several persons claim to be creditors) the notice lies but not so the tender of payment.

"Notwithstanding such remarkable differences (owing to which we have explained the notice of the deposit), there is no objection to simplifying the procedure by making the tender of payment and the notice of deposit concurrent, making, with the necessary distinction, the tender first and then cautioning that in case of refusal the amount due will be deposited in court.

"The notice, like the tender, can be served judicially or extra-judicially, proof of which to be furnished in either case in order to proceed to make the deposit of the amount." 8 Manresa, *Comentarios al Código Civil Español*, p. 298, 4th ed.

By virtue of the foregoing the judgment appealed from must be reversed and another rendered instead declaring the deposit ineffective without special imposition of costs.

Mr. Justice Córdova Dávila took no part in the decision of this case.